# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin



| United States of America | ) | |
|---|---|---|
| v. | ) | |
| JOELLE MASSEY (DOB XX/XX/1992) | ) | Case No. **22-M-308 (WEC)** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **January 5, 2022** in the county of **Milwaukee** in the **Eastern** District of **Wisconsin**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1), (b)(1)(a), & (b)(1)(D) | Possession with intent to distribute more than 500 grams of a mixture and substance containing methamphetamine. |
| 21 U.S.C. § 856(a)(2) | Intentionally made residence available for the purpose of unlawfully storing controlled substances. |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

*SA Matthew Mason*
*Complainant's signature*

SA Matthew Mason, ATF
*Printed name and title*

Sworn via telephone; transmitted via email pursuant to Fed. R. Crim. 4.1

Date: 1/6/22

*Judge's signature*

City and state: Milwaukee, Wisconsin

Hon. William E. Callahan, Jr., U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# A CRIMINAL COMPLAINT AND ARREST WARRANT

I, Matthew Mason, being first duly sworn, hereby depose and state as follows:

## I. BACKGROUND AND EXPERIENCE

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). I have been so employed since September 2015. Prior to my employment with ATF, I was a Police Officer with the Calumet City Illinois Police Department, from 2003 until 2015. As part of my duties as an ATF Special Agent, I investigate criminal violations relating to violent crime, and firearms and explosives offenses, including 18 U.S.C. § 922(g)(1) (felon in possession of a firearm) and 26 U.S.C. §§ 5861(d), (e) & (f), (possess, transfer or making a firearm not registered in the National Firearms Registration and Transfer Record).

2. This affidavit is based upon my personal knowledge and upon information reported to me by other federal and local law enforcement officers during the course of their official duties, all of whom I believe to be truthful and reliable. Throughout this affidavit, reference will be made to case agents. Case agents are those federal, state, and local law enforcement officers who have directly participated in this investigation, and with whom your affiant has had regular contact.

3. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, in that I am empowered by law to conduct investigations of and to make arrests for federal felony offenses.

4. Because this affidavit is submitted for the limited purpose of securing a complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only facts that I believe are sufficient to establish probable cause.

5. I am submitting this affidavit in support of a Federal Criminal Complaint for JOELLE MASSEY (DOB: XX/XX/1992) in the State and Eastern District of Wisconsin. As will be shown below, there is probable cause to believe MASSEY committed the crimes of possession

with intent to distribute controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 841(b)(1)(D), and maintaining a residence for purposes of storing controlled substances in violation of Title 21, United States Code, Section 856(a)(2).

## II. PROBABLE CAUSE

6. On January 5, 2022, your affiant was assisting the United States Marshal Service (USMS) with the investigation of Kenisha DISON (F/B DOB: XX/XX/1996). DISON was wanted by the Waukesha County Sherriff's Office for cocaine distribution. The arrest warrant was issued July 15, 2021, under Waukesha County Circuit Court Case Number 21CF1089.

7. On January 5, 2022, USMS Fugitive Taskforce members, including your affiant, arrived at 8708 N. Deerwood Drive in Brown Deer, Wisconsin, which was listed as the address of record and known address of DISON. Taskforce members knocked on the front door, which was answered by Joelle S. MASSEY (DOB: XX/XX/1992). MASSEY told case agents that she knew DISON, but she (MASSEY) was home alone with her baby.

8. Taskforce members related that this was the known address of DISON and they had a warrant for DISON's arrest and wanted to check for her presence. MASSEY then opened the door to allow taskforce members inside and stated that her baby was upstairs in her bed sleeping. Upon entering the apartment, a strong odor of fresh marijuana was observed. Taskforce members cleared the residence and did not locate any occupants other than MASSEY and the sleeping baby.

9. On the bed, next to the baby, in plain view, was a large quantity of US currency. On the closet floor, near the opening, also in plain view, was an open box containing a large quantity of green plant material which appeared consistent in every manner with marijuana. The marijuana appeared to be in vacuum sealed packaging material. A red plastic bag next to the open

2

Case 2:22-cr-00026-PP   Filed 01/06/22   Page 3 of 6   Document 1

box also contained a quantity of suspected marijuana. On the nightstand next to the bed was a stun gun and medications in the name of MASSEY.

10. A red Chevrolet Camaro registered to MASSEY, was the sole vehicle parked next to the garage of the unit. The Wisconsin registration plate on the Camera was ABK9018. The Chevrolet keys were on the counter in the lower portion of the unit. The garage did not contain any vehicles.

11. Based upon the evidence observed in plain view, your affiant authored a search warrant for the residence. The federal search warrant was presented to the Honorable William E. Callahan, Jr., United States Magistrate Judge in the Eastern District of Wisconsin on January 5, 2022. The warrant, under case 22-M-305 (WEC), was granted on January 5, 2022 at approximately 11:50 a.m.

12. At that time, case agents were still at 8708 N. Deerwood Drive in Brown Deer, Wisconsin securing the residence and awaiting the signing of the search warrant. MASSEY was not under arrest. Case agents presented the warrant to MASSEY in digital form and read the warrant and the attachments aloud to MASSEY and she related that she understood. Case agents then provided MASSEY her *Miranda* warnings and MASSEY agreed to speak with investigators. MASSEY was provided an opportunity to make a phone call prior to the interview. After her call had ended, case agents interviewed MASSEY. MASSEY spoke to case agents, but stated she did not wish to speak regarding the whereabouts of DISON or about the narcotics and U.S. currency observed in the residence.

13. During the execution of the federal search warrant at the residence, numerous items of contraband were observed and/or recovered. During the search of the upper eastside bedroom, identified by MASSEY as her own bedroom, and which contained her clothing and sleeping baby,

an open box containing suspected marijuana was observed. From the box case agents recovered 7 individual vacuum sealed bags containing a total of approximately 1,587.57 grams of green plant material, which tested positive for the presence of marijuana. Recovered from a red plastic shopping bag next to the box were 3 individual vacuum sealed bags containing a total of approximately 1,179.34 grams of green plant material, which tested positive for marijuana. From the top of the bed was recovered a quantity of US currency divided into stacks, and a plastic shopping bag containing additional U.S. currency. Case agents observed two medication bottles, belonging to MASSEY, on top on the nightstand next to the bed.

14. During the search of the main floor kitchen/dining area several white plastic screw-on top containers were observed and recovered. One of the containers was found to contain 4 individual plastic bags. Each plastic bag contained a crystal-like substance, which tested positive for the presence of methamphetamine. In total, the four bags contained a total of approximately 1,885 grams of a crystal-like substance, which tested positive for the presence of methamphetamine. A shipping box, with a circular imprint similar to the top of one of the white plastic containers, was located next to the white plastic containers. The shipping label was addressed to MASSEY at 8708 N. Deerwood Drive, Brown Deer, Wisconsin, and shipped from Michael Herrera, 1421 W. Pico Boulevard, Los Angeles, CA. Case agents are aware, based upon training and experience, that California is a known source state for crystal methamphetamine that is smuggled across the border from Mexico to California and then shipped to various locations throughout the United States for further distribution.

15. Additionally, case agents recovered 34 individual gem pack bags, each of which contained a crystal-like substance, which tested positive for the presence of methamphetamine, from an Adidas bag on the kitchen counter. In total, the bags contained approximately 15 grams

of a crystal-like substance, which tested positive for the presence of methamphetamine. An additional 30 gem pack bags, containing the crystal-like substance, were recovered from a Louis Vuitton bag on the kitchen counter. In total, those 30 gem pack bags contained an additional approximately 10 grams of a crystal-like substance, which tested positive for methamphetamine. A plastic firearm box for a Glock, model 27, pistol was also recovered from a kitchen cabinet, however, a firearm was not recovered. Case agents also recovered three (3) digital scales as well as additional, empty gem pack bags from a kitchen drawer.

### III. CONCLUSION

16. Based on the investigation to date, there is probable cause to believe that on or about January 5, 2022, JOELLE MASSEY (DOB XX/XX/1992) knowingly possessed with intent to distribute more than 500 grams of a mixture and substance containing methamphetamine, a Schedule II controlled substance, and a mixture and substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 841(b)(1)(D) and that JOELLE MASSEY (DOB XX/XX/1992) controlled the residence located at 8708 N. Deerwood Drive, Brown Deer, Wisconsin and knowingly made the residence available for the purpose of unlawfully storing controlled substances in violation of Title 21, United States Code, Section 856(a)(2).